UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                             1:21-CR-00089 – JLS-MJR

    v.                                      DECISION AND ORDER

LUIS MARTINEZ,

                 Defendant.
_____

This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr. pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. Before the Court are omnibus pre-trial motions by defendant Luis Martinez ("defendant"). (Dkt. No. 42). The Government also filed a cross-motion for discovery. (Dkt. Nos. 43; 44). The Court's decisions as to the various non-dispositive motions and discovery demands are set forth in detail below.

## **BACKGROUND**

On May 26, 2021, a federal grand jury returned an Indictment charging defendant Luiz Martinez and co-defendant Sammy McKeithan with the following offenses: (1) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2; (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; (3) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and Title 18, United States Code, Section 2; and (4) possession of a firearm in furtherance of drug trafficking offenses, in violation of 18 U.S.C.

§ 924(c)(1)(A)(i) and (2). (Dkt. No. 1).  The Indictment also includes forfeiture allegations relative to four sums of United States currency seized from various locations and one firearm and ammunition, namely a Glock 17 pistol with seven rounds of ammunition. (*Id*.).

Defendant has filed an omnibus pre-trial motion seeking, *inter alia*, particularization of the allegations and to compel the disclosure of *Brady/Giglio* material, as well as additional discovery demands. (Dkt. No. 42). The Government filed a response to defendant's motions and made a cross-motion for reciprocal discovery. (Dkt. No. 44).[1]

Oral argument on the motions was scheduled for May 10, 2022. On May 9, 2022, the Court issued a text order advising that defendant's motions would be reviewed on the papers without oral argument. (Dkt. No. 45). On May 11, 2022, Ian M. Harrington, Esq. and Mark J. Mahoney, Esq. moved to withdraw as counsel for defendant and moved for the appointment of new counsel under the Criminal Justice Act. (Dkt. No. 46). The Court granted those motions and appointed Eric M. Soehnlein, Esq. to represent defendant. The Court allowed Mr. Soehnlein an opportunity to confer with defendant and file any supplemental motions by June 22, 2022. (Dkt. Nos. 48; 50). No supplemental filings were made as of that deadline. Thus, the Court considered the matter submitted for decision at that time.

**DISCUSSION**

1. *Bill of Particulars*

Defendant moves for a bill of particulars detailing the alleged wrongful conduct. (Dkt. No. 42, pgs. 3-4). Defendant argues that although the Indictment is "relatively

---

[1] The Government filed two responses to defendant's omnibus motion: one dated March 30, 2022, and a second dated April 4, 2022. (Dkt. No. 43; 44). The responses are identical in substance and the duplication appears to have been made in error. The Court has relied on and will refer to the Government's most recent response (Dkt. No. 44) in rendering this decision.

detailed," it "claims specifics facts as part of its pleading of the case which are themselves otherwise vague and not supported by the discovery disclosures." (*Id*.). The Government objects that defendant has not offered any specific facts or reasons to justify a finding that further particularization is necessary. (Dkt. No. 44, pgs. 1-5).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are sufficiently clear. The charges contained in the Indictment are neither complex nor difficult to understand. It is alleged that on June 5, 2020, defendants Martinez and McKeithan possessed with intent to distribute 50 or more grams of methamphetamine and a quantity

of cocaine. It further charges that defendants maintained a drug-involved premises at 64 Water Street, Apartment 1 in Jamestown, New York for the purpose of manufacturing, using, and distributing methamphetamine and cocaine. Lastly, it charges that the defendants possessed a firearm in furtherance of their drug trafficking crimes. Defendant seeks further particularization of the charges but does not specify which counts or what details are allegedly lacking. He makes only conclusory claims that the charges of the Indictment are too generalized to advise him of the specific acts he is accused. The Court does not agree. Further, the Government submits that, in addition to the charges of the Indictment, it has already provided relevant evidentiary material to defendant through voluntary discovery. *See United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999) (holding that, while a bill of particulars or discovery cannot save a defective indictment, a minimally sufficient indictment may be supported by evidence provided during discovery).

Defendant is not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendant to identify the charges against him, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendant's request for a bill of particulars is denied.

2. <u>*Suppression / Additional Motions*</u>

Defendant states that he has not received notice of any statements attributed to him that the Government intends to introduce at trial. (Dkt. No. 42, pg. 4). Defendant submits that he reserves the right to challenge any violation of his Fifth Amendment rights in the event the Government does so. (*Id*.). To the extent defendant intends to bring additional motions based upon new rulings, information, or evidence, his request is granted. To the extent defendant intends to bring motions concerning issues that could

have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

3. *Rule 16 Discovery*

Defendant moves for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. No. 42, pg. 5). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant acknowledges that he has already received voluntary discovery from the Government but requests additional discovery of all books, papers, documents, data, photographs and objects within the Government's possession custody or control, and for the Government to identify any matter which it has not yet disclosed to defendant and specify why it claims such matter is not subject to disclosure at this time. (Dkt. No. 42, pg.

5). Defendant also requests notice of expert testimony the Government intends to introduce at trial. (*Id*., pg. 8).

In response, the Government states that it has fully complied with its obligations under Rule 16. (Dkt. No. 44, pg. 6). The Government affirms that it has already provided defendant with substantial voluntary discovery, including photos, lab reports detailing expert witnesses and their findings, police reports, jail recordings, search warrants, and search warrant returns, and that it will continue to provide any additional discoverable materials that become available. (*Id*.). The Government further states that it will provide expert disclosures and expert summaries for its witnesses who will testify at trial consistent with the District Court's pre-trial order. (*Id*., pg. 9).

Based upon the representations made by the Government, and consistent with the Court's directives described above, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

4. *Rules 404(b), 608, and 609 Evidence*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 42, pg. 8). Defendant also moves for pre-trial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id*.) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 but states it will provide notice at the time it is ordered to do so by the trial

court. The Government has preliminarily notified defendant it intends to use all prior criminal conduct, acts, or wrongs pursuant to Rule 404(b) and intends to impeach the defendant with any past criminal history pursuant to Rule 609, should he elect to testify. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not contain the same pre-trial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pre-trial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, and 609 is left to the determination of the District Court at the time of trial.

    5.    <u>*Motion to Compel Disclosure of Brady/Giglio Material*</u>

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady, Giglio* and their progeny.[2] (Dkt. No. 42, pgs. 5-7). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the Government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id*. at 144.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

7

Defendant does not make any specific requests for disclosure, he instead asks the Court to require the Government to provide, under seal, a full inventory of all evidence which it has not yet disclosed in this case. He further requests that the Court review this material *in camera* to determine what, if any, materials could be favorable to the defense, and then compel the Government to produce it. Defendant also asks the Court to establish a schedule of sanctions to be used at trial if it is shown that the Government was not compliant with its *Brady* obligations at this stage.

In its response, the Government opposes defendant's request for an order requiring disclosure of documents that are not subject to disclosure under Rule 16 and that are subject to disclosure, if at all, only later as 3500 materials. (Dkt. No. 44, pgs. 7-8). The Government submits that it is mindful of its obligations and will provide *Brady* and *Giglio* material. (*Id*.).

Given the Government's representations, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-224, 2016 U.S. Dist. LEXIS 133400, at *8 (W.D.N.Y. Sept. 28, 2016).

6.  <u>Early Disclosure of Witness Statements and Jencks Act Material</u>

Defendant moves for early disclosure of witness names and statements prior to trial. (Dkt. No. 42, pgs. 7-8). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the

8

Government's possession and relate to the subject matter of the witness's direct testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendant adequate time to prepare and, in accordance with the District Court's pre-trial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of these representations, defendant's request for early disclosure of witness statements is denied as moot.

7.  *Government's Request for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. No. 44, pg. 9-10). The Government's motion for reciprocal

9

discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## **CONCLUSION**

For the foregoing reasons, defendant's pre-trial motions (Dkt. No. 42) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 44) is granted.

**SO ORDERED**.

Dated:   June 28, 2022
         Buffalo, New York

>                    */s/ Michael J. Roemer*
>                    MICHAEL J. ROEMER
>                    United States Magistrate Judge