UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

21-CR-89 (JLS)

LUIS MARTINEZ,

          Defendant.

## ORDER

At the January 18, 2023 final pretrial conference, the Court addressed pending motions *in limine*, among other things. The Court heard argument, as necessary, and issued the following rulings, for the reasons below and as stated more fully on the record:

- **Government's motion to preclude and limit cross-examination of police witnesses** (Dkt. 96, at 50–52).

  The Court **granted** the Government's motion, subject to Defendant raising any issue about the scope of cross-examination on these topics at the appropriate time—*e.g.*, after a witness's direct examination and outside the presence of the jury—if necessary.

- **Government's motion to admit evidence that Glock 17 firearm was stolen** (Dkt. 96, at 53–54).

  The Court **granted** the Government's motion as to testimony that the firearm was stolen, and **denied** the Government's motion as to testimony that the firearm was stolen from Jamestown, New York.

- **Government's motion to admit certain evidence as direct evidence of conspiracy, inextricably intertwined with the charged offenses, or (in the alternative) pursuant to Rule 404(b) of the Federal Rules of Evidence** (Dkt. 96, at 54–66).

  The Court **granted, in part, and denied, in part**, the Government's motion as follows:

  - **Evidence of Defendant's parole status and supervision:** The Court **granted** the Government's unopposed motion to admit evidence that Defendant was on parole supervision during the relevant time period.  The Court **granted** the Government's unopposed motion to admit evidence about the address and roommate that Defendant provided to his parole officer.  The Court **denied**, pursuant to Federal Rule of Evidence 403, the Government's motion to admit evidence of specific parole violations by Defendant—including failing to abide by curfew, to notify his parole officer of arrests, and to seek/obtain employment—and the Government's motion to admit evidence that Defendant's travel to Myrtle Beach violated the travel conditions of his parole supervision.  The Court **granted** the Government's unopposed motion to admit evidence regarding the arrest warrant issued for Defendant's parole violations and certain inculpatory statements Defendant made to his parole officer.

- **Evidence of Defendant's conduct before May 2020 involving sale and receipt of drugs and shipping currency:** The Court **granted** the Government's motion.

- **Evidence of Defendant's use and possession of drugs in Myrtle Beach:** The Court concluded that the evidence is relevant, background information that is inextricably intertwined with the charged conspiracy. The Court **deferred ruling** on this motion, pending further consideration of admissibility under Federal Rule of Evidence 403. The Court encouraged the parties to discuss a stipulation on this issue and, if necessary, will decide the motion at the January 23, 2023 final status conference.

- **Evidence of Defendant's 2018 arrest:** The Court **held this motion in abeyance**, and will address the issue as it arises at trial, if necessary.

- **Evidence of Defendant's 2014 arrest:** The Court **held this motion in abeyance**, and will address the issue as it arises at trial, if necessary.

- **Government's motion to exclude improper impeachment evidence** (Dkt. 99).

  The Court **granted, in part, and denied, in part**, the Government's motion as follows:

  - **Karen Hoth:** The Court **denied** the Government's motion, to the extent that Defendant may ask if the witness requested reimbursement she was not entitled to, and **granted** the motion, to the extent that Defendant may not question the witness about the administrative process or any action taken as a result of that process, and may not use extrinsic evidence.

  - **Jeremy Maggio:** The Court **granted** the Government's motion, to the extent that Defendant may not question the witness about conduct during a traffic stop. The Court also **granted** the motion as to procedures regarding drug seizures and evidence handling; the Court allowed the parties to submit caselaw from any Circuit Court of Appeals that endorsed admitting such evidence under Federal Rule of Evidence 608(b) by Monday, January 23, 2023, and, upon receiving any such authority, the Court may reconsider its decision on this aspect of the Government's motion.

- **Defendant's motion regarding the testimony of Sheila Mendez** (Dkt. 84, at 1–4).

  The Court **held this motion in abeyance**, and will address the issue as it arises at trial, if necessary.  The Court directed Defendant to (1) notify the Court in advance, if he expects this issue to ripen, and (2) alert the Government as to which statements, in particular he will seek to admit.

- **Defendant's motion regarding admissibility of June 5, 2020 K9 exercise** (Dkt. 84, at 5–6).

  The Court **denied this motion as moot**.

- **Defendant's motion to exclude testimony on the presence of DNA on plastic baggies seized on June 5, 2020** (Dkt. 95, at 9–14).

  The Court **denied** Defendant's motion, in full, including his request for a *Daubert* hearing, but held that Defendant may cross-examine witness(es) on this issue.

## SEQUESTRATION ORDER

The Government asked the Court to sequester all witnesses, except for Drug Enforcement Administration Task Force Officer Troy Bouckhuyt. The Court **granted** that request, consistent with Federal Rule of Evidence 615. The Court further excepts Defendant from this sequestration order. *See* Fed. R. Evid. 615(a).

The Court also: (1) prohibits disclosure of trial testimony to witnesses who are excluded from the courtroom pursuant to this order; and (2) prohibits excluded witnesses from accessing trial testimony.

SO ORDERED.

Dated:       January 19, 2023
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE